## Caldwell & Company v. Russell County Fiscal Court, et al.

(Decided June 24, 1927.)

### Appeal from Russell Circuit Court.

Counties.—Where county bonds, proceeds of which were to be used for road purposes under authority of Constitution, section 157a, and Ky. Stats., section 4307, were within limit of indebtedness fixed by Constitution, section 157a, and tax rate levied to provide funds for payment of interest and retirement of outstanding sum due was sufficient for such purpose, the validity of such bond issue was not affected by provision of order calling election and question submitted to voters and order of fiscal court directing distribution of proceeds that portion thereof was to be used for purpose of refunding old bonds issued for purpose of building roads and bridges.

ROBERT ANTLE for appellant.

WM. CHUMBLEY and O. B. BERTRAM for appellees.

OPINION OF THE COURT BY COMMISSONER SANDIDGE—Affirming.

On the 19th day of June, 1926, an election was held in Russell county, Ky., for the purpose of determining whether bonds of the county to the amount of $90,000 might be issued and sold, proceeds of which should be used for road purposes. 2,024 votes were cast in the election, 1,902 of which were in favor of the proposed bond issue, and 122 of which opposed it. This bonded indebtedness was sought to be incurred under authority of section 157a of our Constitution, and section 4307, Kentucky Statutes. The fiscal court of Russell county, by orders duly entered on its record books on the 23rd day of April, 1927, ordered and directed that $75,000 of this authorized bond issue be issued and sold, and appellant, Caldwell & Co., then and there offered to purchase the

bonds at par, plus a premium of $3,000, which offer the fiscal court accepted. Before the bonds were issued and delivered and the purchase price was paid, a question arose as to the validity of the bonds, and the purchaser declined to accept and pay for them until the question should be judicially determined. This action was thereupon instituted in the Russell circuit court, under the provision of our Declaratory Judgment Law, the controversy being stated in the pleadings, and the facts being agreed and shown by all records relating to the question filed in evidence.

It appears that in 1915 the voters of Russell county, Ky., had voted a bond issue to the amount of $40,000 for the purpose of building roads and bridges, and that all necessary steps were duly taken, and the requisite majority of votes were cast in favor of that proposed bond issue to make it legal and binding. Those bonds were sold and the proceeds were used in the construction of roads and bridges in the county. At the time the bond issue now in question was voted, all of the previous issue of $40,000 had been paid except $8,000. By the petition filed with the fiscal court asking that the last election be called, and by the orders of the fiscal court calling it, the proposed $90,000 bond issue was "for the purpose of building roads and bridges and refunding old bonds for the purpose of building roads and bridges;" and the question submitted to the voters on the ballots at the election was, "Are you in favor of issuing $90,000 in bonds for the purpose of building roads and bridges, and refunding old bonds for the purpose of building roads and bridges?" The order entered by the fiscal court directing $75,000 of the $90,000 bond issue, authorized by the last election to be issued and sold, provided that all of their proceeds should be used in the construction of roads and bridges in Russell county except a sufficient sum to be used in paying off and retiring the outstanding $8,000 of bonds of the former issue. It is conceded and the record establishes that all of the steps requisite to the validity of this election were duly taken in that the election was properly called pursuant to a petition in strict conformity with our statutory regulation of the question. It is agreed and the record establishes that the full $90,000 of indebtedness authorized by the voters at the election, if all the bonds should be sold, would be within the limit of indebt-

edness fixed by section 157a of our Constitution, taking into account the total assessed valuation of property in the county subject to taxation for this purpose and the limit of indebtedness fixed by that section of our Constitution. It is also agreed and the record establishes that the tax rate authorized by the section, supra, of the Constitution, which has been levied to provide funds for the payment of the interest on that part of the authorized bond issue proposed to be issued and sold, and a sinking fund for their retirement, when due, is sufficient for the purpose. The only question raised as to the validity of this authorized bond issue is the contention, since the constitutional and statutory authority under which this bond election was held and bonded indebtedness was authorized, provides that such indebtedness may be incurred only for the purpose of constructing roads and bridges, that the provision of the order calling the election and of the question submitted to the voters, and of the order of the fiscal court directing the distribution of the proceeds of the $75,000 of these bonds to be sold, that a portion thereof is to be used for the purpose of "refunding old bonds issued for the purpose of building roads and bridges," renders this election void and the bonds proposed to be issued thereunder invalid. That such is not the case is readily apparent. At the time the last election was held, $8,000 of the county's valid road bonds were outstanding. The proceeds of those bonds had been used in constructing roads and bridges. Doubtless the bookkeeping involved in the transaction will be much simplified by retiring the remaining bonds of the old issue and throwing all of the county's bonded indebtedness for road purposes into one bond issue. The fiscal court, acting for the county, and the voters at the polls seem to have acted wisely in so simplifying the issue. By this method it was made plain that, regardless of a former bond issue for road purposes, by voting this new bond issue of $90,-000 under the conditions expressed that would be the extent of the county's indebtedness for that purpose under both the old and the new issues, as the old issue of bonds was to be refunded by the new issue. All of the indebtedness represented by the new bond issue is an indebtedness incurred for the purpose of building roads and bridges. The indebtedness as so incurred is authorized by the constitutional and statutory provisions indicated.

It then appears that the county has kept within the limits fixed by the Constitution and Statutes, and has created the indebtedness for the purposes for which that may be done under constitutional and statutory provisions regulating the question; and that the indebtedness was authorized by an overwhelming majority of the voters participating in the election, which was held in accordance with all the constitutional and statutory regulations requisite to its validity. These things being true, the bonds proposed to be sold are valid, and no reason suggests itself or exists why appellant, Caldwell & Co., should not be required to purchase and pay for them as and upon the terms upon which it agreed to do.

The judgment of the chancellor, being in accord with this court's conclusions on the questions presented, will therefore be affirmed.

Judgment affirmed.